UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH J. TOTH, | : |
| | : |
|     Petitioner | : |
| | : |
| v. | : CIVIL NO. 3:CV-06-0002 |
| | : |
| WARDEN CAMERON LINDSAY, | : (Judge Kosik) |
| | : |
|     Respondent | : |

**MEMORANDUM and ORDER**

**Background**

    Joseph J. Toth, currently an inmate at the United States Penitentiary at Canaan, Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on January 3, 2006. Along with his petition, he has submitted a supporting Memorandum and Affidavit. Toth has paid the required filing fee in this matter. In the petition, Toth contends that the Federal Bureau of Prisons (BOP) has refused "to grant Petitioner credit on his federal sentence for two (2) years he spent in State custody under a federal and concurrent State sentence." (Doc. 1 at 3.) On January 9, 2006, an Order to Show Cause was issued directing Respondent to file an answer to the allegations raised in the petition within twenty (20) days. A response was submitted on January 26, 2006. For the reasons that follow, the petition will be dismissed for failure to exhaust administrative remedies.

**Discussion**

    Respondent contends that the petition is subject to dismissal based upon Toth's failure to exhaust required administrative remedies. It is well-settled that "[f]ederal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus

pursuant to § 2241." Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). A party is required to exhaust administrative remedies before seeking relief in federal court unless Congress has indicated to the contrary or the available administrative remedies are inherently inadequate. Muhammad v. Carlson, 739 F.2d 122, 123 (3d Cir. 1984); see also Young v. Quinlan, 960 F.2d 351, 356 (3d Cir. 1992). Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." Moscato, 98 F.3d at 761-62.

The Bureau of Prisons has established a multi-tier system whereby a federal prisoner may seek formal review of any aspect of his imprisonment. See 28 C.F.R. §§ 542.10-542.16 (1994). First, "[i]nmates shall informally present their complaints to staff, and staff shall attempt to informally resolve any issue before an inmate files a request for Administrative Remedy." Id., at § 542.13(a). Second, "[i]f an inmate is unable to informally resolve his complaint, he may file a formal written complaint [to the warden], on the appropriate form, within twenty (20) calendar days of the date on which the basis of the complaint occurred." Id., at § 542.15(a). In the event the inmate is dissatisfied with the warden's response, he may file an appeal to the Regional Director within twenty (20) days. Id., § 542.15(a). Finally, if the inmate is dissatisfied with the Regional Director's response, that decision may then be appealed to the General Counsel (Central Office) within thirty (30) calendar days from the date of the Regional Director's response. Id. The Regional Director has thirty (30) days to respond, and the General Counsel has forty (40) days to respond. See id., at § 542.18.

2

Respondent submits the declaration of K. Michael Sullivan, an attorney at the Federal Correctional Complex at Allenwood, Pennsylvania, who has been employee with the BOP since 1992.  (Doc. 8, Sullivan Decl.)  In his declaration, Sullivan sets forth the required three-tier administrative review process and states that he conducted a review of the BOP's SENTRY records to determine whether or not Toth exhausted available administrative remedies.  The BOP records reveal that Toth has not filed <u>any</u> administrative remedies regarding any aspect of his confinement, let alone his sentence computation challenge.  While Toth maintains in his supporting Memorandum of Law that all administrative remedies have been exhausted, this is not the case.  Toth attaches to his Memorandum some correspondence from the BOP Northeast Regional Office but this is not in response to any administrative remedy Toth filed.  Rather, it appears to be a letter to Toth merely informing him that a request he had previously submitted to the BOP for a <u>nunc pro tunc</u> designation pursuant to Program Statement 5160.05, Designation of State Institution for Service of Federal Sentence, had been denied.  Toth submits no documentation indicating that he filed any administrative remedies with the BOP challenging his sentence computation.  Accordingly, the petition will be dismissed for failure to exhaust administrative remedies.

**ACCORDINGLY**, this 30th day of January, 2006, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. The petition for writ of habeas corpus is dismissed for failure to exhaust administrative remedies.

2. The Clerk of Court is directed to close this case.

s/Edwin M. Kosik  
United States District Judge

EMK:lq